IN THE MATTER OF JERROLD M. FLEISHER, AN ATTORNEY AT LAW.

Argued November 6, 1974—Decided January 28, 1975.

*Mr. J. Emmet Cassidy* argued the cause for the Bergen County Ethics Committee.

*Mr. Frank J. Cuccio* argued the cause for respondent (*Messrs. Calissi, Klinger, Cuccio & Baldino,* attorneys).

PER CURIAM. Respondent, an attorney at law of this State, has been suspended from the practice of law since June 8, 1971 by order of this Court based upon the following.

Respondent represented client M in a matrimonial matter. The client was most anxious to secure a divorce as he planned to remarry immediately. In early May 1969, respondent told M that the divorce had been granted and delivered to his client what purported to be a final judgment of divorce entered in the Superior Court of New Jersey dissolving the marriage between M and his wife. The client, relying on the document, obtained a marriage license and remarried. It later developed that the purported divorce was fictitious and that respondent had taken a final judgment of divorce in another Superior Court matrimonial action and changed the names of the parties so as to indicate that M and his wife had been divorced.

As a result of the foregoing respondent was indicted on several charges, all related to the fictitious judgment. He ultimately pleaded guilty to a charge that he had feloniously and falsely altered and falsified a public document, to wit, a final judgment of divorce of the Superior Court of New Jersey. The other charges were dismissed.

At the time of sentence the trial court had before it several medical reports indicating that respondent was suffering from a personality disorder and that his actions in the client M fabrication were symptomatic expressions of long-standing psychological conflicts. It was represented that re-

spondent was undergoing treatment on a regular basis twice a week in psychoanalytical psychotherapy.

The trial court accepted these reports as credible and found that respondent's mental condition mitigated responsibility for his behavior. A suspended sentence of six months in the Bergen County jail was imposed and respondent was placed on probation for a period of three years. One of the conditions of probation imposed was that respondent continue his psychiatric therapy for such further period as might be required by his physicians.

The Bergen County Ethics Committee then conducted a hearing in the matter, at which respondent appeared and fully and frankly admitted the falsification of the divorce judgment. There was also presented to the committee substantially the same medical reports as to respondent's personality disorder. The committee found that although respondent's medical proofs were "credible," they "were not mitigating." It submitted its presentment to this Court for such disciplinary action as the Court might deem necessary and proper in the circumstances.

An Order to Show Cause why respondent should not be disbarred or otherwise disciplined thereupon issued. On the return date of the order counsel appearing for respondent represented that respondent still was receiving psychiatric treatment on a regular biweekly basis and that, while the treatment was progressing well, respondent needed further psychotherapy and was not presently fit to practice law. He recommended that respondent's present suspension from practicing law be continued on an indefinite basis.

Respondent's admitted misconduct is most serious in nature and ordinarily would require no less than disbarment — not to punish for what was done, but to protect the public. However, in the circumstances of this case, we prefer to withhold final judgment pending respondent's continued psychotherapy which, we are told, must be considered in terms of a duration of several years. In the meantime, respondent's suspension from the practice of the law is to con-

tinue on an indefinite basis subject to further order of this Court.

*For suspension*—Chief Justice HUGHES, Justices JACOBS, MOUNTAIN, SULLIVAN and CLIFFORD and Judge CONFORD— 6.